JAMES P. HAYNES, Plaintiff in Error, v. THE COUNTY OF WASHINGTON, Defendant in Error.

### ERROR TO WASHINGTON.

Where the act authorizing the creation of a municipal corporation, directs that the government of the locality shall be vested in a president and four trustees, and that a justice of the peace, elected in a particular manner, shall be *ex officio* president—if that person shall not be commissioned and enter upon the duties of his office in the time required, the act becomes inoperative, and the inhabitants of the locality owe the same duties to the prior organization that they previously did.

THE town of Ashley was incorporated by a special act of the legislature of this State, under what is called the Carlinville Act. The act incorporating Ashley was passed at the last session of the legislature of this State. The Carlinville Act gave the incorporation of the town exclusive jurisdiction over the roads, streets, etc., lying within the incorporation, and the act incorporating the town of Ashley took effect from and after its passage; that the incorporation of the town of Ashley met and elected all their officers, including a street commissioner, who was ordered to work the roads in his districts; that the president of the board of trustees was *ex officio* town justice, and was sworn in as president, but did not qualify himself to act as justice within the time prescribed by law, and the board appointed a president *pro tem.* to act in his place until he should qualify, who presided at all their regular meetings of the board, at one of which regular meetings said ordinance was passed; that after the passage of said ordinance, and the hands had been warned to work by the corporate authorities, the road supervisor of the district of which the town of Ashley was included, notified the defendant Haynes to work the high-road outside of the incorporation of the town of Ashley, which the said Haynes refused to do. A judgment was obtained against said Haynes, by said supervisor, for one dollar and costs, before a justice of the peace in Washington county, from which judgment said Haynes appealed to the Circuit Court of Washington county, who affirmed the judgment of the justice, with costs; and the plaintiff in error brings this case into this court by a writ of error, and alleges that the said judgment of the said Circuit Court is erroneous.

The cause was heard before Justice BREESE.

NELSON & JOHNSON, for Plaintiff in Error.

P. E. HOSMER, for Defendant in Error.

SKINNER, J. The plaintiff below sued Haynes for the penalty given by statute for failing to perform road labor in the road district of Washington county, where he resided.

The legislature, at the last session, granted a charter to the inhabitants of the town of Ashley, authorizing them, in the mode therein provided, to exercise municipal powers. The charter or act of incorporation provides, that the government of the town shall be vested in a president and four trustees; that the trustees shall be elected by the qualified voters of the town; that the town shall constitute a district for the election of one justice of the peace; that the justice of the peace elected and qualified for said district, shall *ex officio* be president of the board of trustees of the town; confers upon the president and trustees jurisdiction and control of wards within the town, and exempts the inhabitants of the town from road labor, under authority of the county; confers upon the justice of the peace, besides the ordinary powers appertaining to the office, exclusive jurisdiction in cases arising under the ordinances of the town, and authorizes him, as president of the board of trustees, to exercise the powers ordinarily incident to the chief executive office of such corporations. The person elected justice of the peace was not commissioned, did not qualify, or enter upon the duties of office. The persons elected trustees, qualified, appointed a president *pro tempore*, and proceeded to exercise municipal authority under the charter. The defendant below, being an inhabitant of the town of Ashley, upon the ground that the town of Ashley is a municipal corporation by virtue of the act of the legislature, sets up the exemption from road labor required under authority of the county, contained in that act. We do not think the defense good. Grants of corporate powers, for purposes of local municipal government, such as belong to towns and cities, are a delegation of a portion of the general sovereignty of the State, designed to enable the inhabitants of particular localities to establish and maintain police regulations, and to advance their common prosperity. A charter, or act of incorporation, is but evidence of the powers delegated, and which powers remain dormant, or in abeyance, until, in the mode pointed out in the charter, the inhabitants, for whose benefit those powers are granted, bring them into life and exercise, by an organization of the local government. Here, the law incorporating the town, in authorizing the inhabitants to form, by the means provided, a local government, was evidently intended for the benefit of the inhabitants; is presumed to have been made at their instance, and not upon the consideration that the common good and policy of the State demanded the establishment of such local government, and the separation of the

particular territory, for such purpose, from the jurisdiction of county authority. Until an organization by election and qualification of the number of persons, being the several integral parts of the corporation and forming the political body provided for in the laws, there could be in being no municipal corporation or government; and the condition of the inhabitants within the limits named in the law, as to right and duties, would continue unchanged and unaffected by the law authorizing them, in a corporate capacity, to exercise municipal powers.

The president, by the law, is an integral part, and the executive head of the corporation, and without all the parts being complete, by the election and qualification of the president and trustees, as provided in the law, the corporation would have no vitality, so to speak, or means of action, and, therefore, the powers delegated could not be exercised. Angel & Ames on Corp., chap. 3, sec. 2.

It follows that the local government, provided for by the act of incorporation, has no legal existence, and the defendant cannot avoid his liability, by reason of the passage of the act of incorporation.

*Judgment affirmed.*